## IN THE U.S. DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| KEVIN T. LAMB<br>6191 Greenview Tr<br>North Ridgeville OH 44039<br>　　　　　Plaintiff, | )　Case No.<br>)<br>)　JUDGE<br>) |
| vs. | )<br>)　**COMPLAINT**<br>) |
| MIDLAND CREDIT MANAGEMENT, INC.<br>c/o Agent, Corporation Service Company<br>200 S.W. 30th Street<br>Topeka KS 66611 | )　**JURY DEMAND** ENDORSED<br>　HEREON<br>)<br>) |
| LVNV FUNDING LLC<br>c/o Agent, The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 | )<br><br>)<br><br>) |
| EQUIFAX CREDIT INFORMATION<br>SERVICES, INC.<br>P.O. Box 740241<br>Atlanta, GA 30374<br>　　*c/o Statutory Agent*<br>　　　Prentice-Hall Corp. System, Inc.<br>　　　50 West Broad Street<br>　　　Columbus, Ohio 43215<br><br>　　　　　Defendants.<br>_____ | )<br><br>)<br><br>)<br><br>)<br><br>)<br><br>)<br><br>) |

　　　　This action is brought by Kevin Lamb, an individual consumer, for conduct in violation of the Fair Credit Reporting Act at 15 U.S.C. § 1681 *et seq.* (FCRA) and the

Fair Dept Collection Practices Act at 15 U.S.C. § 1692 *et seq.* (FDCPA) against Midland Credit Management, Inc., LVNV Funding LLC for actual damages, statutory damages, punitive damages, costs and attorney fees.  Plaintiff brings claims against Equifax Credit Information Services, Inc. (Equifax) pursuant to the FCRA.

### **Parties**

1. Plaintiff, Kevin Lamb, is an individual residing in Cleveland, Ohio and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

2. Defendant Midland Credit Management, Inc. (Midland) is a corporation organized under the law of the State of Kansas with its principal place of business located in the State of California.

3. Midland is a "furnisher" of consumer information as defined by the FCRA.

4. Midland is engaged in the business of collecting debts in Ohio and regularly attempts to collect debts alleged to be due another.  Midland is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

5. Defendant LVNV Funding LLC (LVNV) is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of South Carolina.

6. LVNV is a "furnisher" of consumer information as defined by the FCRA.

7. LVNV is engaged in the business of collecting debts in Ohio and regularly attempts to collect debts alleged to be due another.  LVNV is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

8. Defendant Equifax Credit Information Services, Inc (Equifax) is a corporation organized under the laws of the State of Georgia authorized to do business in the State of Ohio through its registered offices in Columbus, Ohio.

9. Equifax is a "consumer reporting agency" as defined by the FCRA at 15 U.S.C § 1681a(f).

## Jurisdiction and Venue

10. This Court has personal jurisdiction over all defendants and venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2).

11. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## Factual Allegations

12. Plaintiff repeats and incorporates herein all previously pleaded averments.

13. In or about April, 2007, Plaintiff requested and obtained copies of his credit report from each of the three national credit reporting agencies (CRAs): Equifax, Trans Union and Experian. Plaintiff noted inaccuracies on each report, including tradelines reflecting collection accounts from Defendants Midland and LVNV.

14 Upon information and belief, the LVNV tradelines included the account number xxxxxxxxxxx, hereinafter referred to as the "LVNV debt" or "LVNV tradeline."

15. Upon information and belief, the Midland tradelines included account numbers xxxxxx and xxxxxx, hereinafter referred to as the "Midland debt" or "Midland tradeline."

16. Plaintiff does not owe debts to LVNV and/or Midland. Further, Plaintiff has not opened any account with "Tribune MasterCard," "Credit One Bank" or any other creditor from which LVNV and/or Midland purportedly purchased the debts reflected on Plaintiff's credit reports.

17. Plaintiff hired Credit Repair Support, a credit repair service, to correct inaccuracies on his credit report. Upon information and belief, Credit Repair Support contacted each of the CRAs on Plaintiff's behalf requesting reinvestigation of disputed items on Plaintiff's credit report, including the Midland and LVNV tradelines.

18. Further, Plaintiff wrote letters to Trans Union and Experian disputing the accuracy of, among other items, the Midland and LVNV tradelines and requesting reinvestigations pursuant to 15 U.S.C § 1681i.

19. With respect to Experian, Plaintiff wrote letters in April, 2008[1] and June 24, 2008[2].

20. With respect to Trans Union, Plaintiff wrote two letters in April, 2008[3] regarding a Trans Union credit report obtained on April 21, 2008.

21. Upon information and belief, each of the CRAs forwarded some notice of Plaintiff's dispute to Midland and LVNV. Midland and LVNV failed to conduct a reasonable reinvestigation as required by 15 U.S.C § 1681s-2(b). Such an investigation would have revealed the accounts do not belong to Plaintiff.

22. Upon information and belief, at various times, Midland and LVNV nonetheless reported their accounts as "verified" to the CRAs.

---

[1] Exhibit 1 attached April, 2008 to Experian
[2] Exhibit 2 attached June 24, 2008 to Experian
[3] Exhibit 3 attached April letters to TransUnion Consumer Solutions

23. Beginning in April, 2008, Plaintiff wrote multiple letters directly to Midland and LVNV disputing the validity of their tradelines and informing them that the debts did not belong to him.

24. Upon information and belief, Credit Repair Support contacted Midland and LVNV on additional occasions on Plaintiff's behalf.

25. Midland and LVNV continued to communicate information that they knew or should have known was false to the CRAs in violation of the FDCPA. Specifically, Midland and LVNV continued to falsely report that Plaintiff owed debts that he did not owe.

26. Trans Union and Experian ultimately deleted the LVNV tradeline from Plaintiff's credit report.

27. Upon information and belief, Trans Union and Experian continued to report the Midland tradeline based upon Midland's false representations.

28. As described more fully below, Defendant Equifax first deleted and later reinserted tradelines from both Midland and LVNV in violation of the FCRA.

29. On or about July 2, 2008, Plaintiff took out a mortgage from NVR Mortgage Finance, Inc. to purchase a home. Upon information and belief, Plaintiff paid more than he otherwise would have paid for this mortgage due to the conduct of Defendants.

30. Plaintiff suffered additional damages, including: loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

## Count One

## Failure to Conduct Lawful Reinvestigations

## with Respect to Midland and LVNV pursuant to the FCRA

31.  Plaintiff repeats and incorporates herein all previously pleaded averments.

32.  As described above, Plaintiff repeatedly requested that each of the CRAs reinvestigate the Midland and LVNV tradelines on his credit report.  Upon information and belief, the CRAs forwarded information about Plaintiff's dispute to Midland and LVNV.

33.  Midland and LVNV violated the FCRA at 15 U.S.C. § 1681s-2(b) by: failing to fully and properly investigate Plaintiff's dispute; failing to review all relevant information; failing to accurately respond to the CRAs; failing to correctly report the results of an accurate investigation to each of the CRAs; and by failing to permanently and lawfully correct their own internal records to prevent re-reporting of the inaccurate tradelines to the CRAs.

34.  As a result of this conduct, action and inaction by Midland and LVNV, Plaintiff suffered damages, including: loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

35.  The conduct, action and inaction by Midland and LVNV was willful, rendering each liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Midland and LVNV were negligent and Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C § 1681o.

36. Plaintiff is entitled to recover costs and attorney fees from Midland and LVNV pursuant to 15 U.S.C. §§ 1681o and 1681n.

## Count Two

## Communicating False Credit Information in Violation of the FDCPA

## with Respect to Midland and LVNV

37. Plaintiff repeats and incorporates herein all previously pleaded averments.

38. Plaintiff directly wrote LVNV and Midland and informed them that he did not owe the debts LVNV and Midland.  Further, Plaintiff informed Midland and LVNV that he had opened no account with "Tribune MasterCard," "Credit One Bank" or any of the other creditor from which LVNV and Midland purportedly purchased the debts reflected on Plaintiff's credit reports.

39. Plaintiff repeatedly requested that Midland and LVNV provide him with validation/verification of the alleged debt.

40. With respect to Midland, Plaintiff wrote letters on May 13, 2008[4]; June 17, 2008[5]; July 21, 2008[6] and August 8, 2008[7].  Upon information and belief, Credit Repair Support contacted Midland on additional occasions acting on Plaintiff's behalf.

41. With respect to LVNV, Plaintiff wrote letters to LVNV and Resurgent Capital Services, an entity associated with LVNV, on May 13, 2008[8]; May 28, 2008[9]; May 30, 2008[10] and early June, 2008[11].  Upon information and belief, Credit Repair

---

[4] Exhibit 4 attached May 13, 2008 to Midland Credit Mgt.
[5] Exhibit 5 attached June 17, 2008, 2nd Request
[6] Exhibit 6 attached July 21, 2008 to Midland Credit Mgt. Final request
[7] Exhibit 7 attached August 8, 2008 to Hanford of Encore Capital Group, Midland Credit
[8] Exhibit 8 attached May 13, 2008 certified to LVNV Funding
[9] Exhibit 9 attached May 28, 2008 to LVNV Funding
[10] Exhibit 10 attached May 30, 2008 to Weltman, Weinberg & Reis

7

Support contacted LVNV and/or Resurgent Capital Services on additional occasions acting on Plaintiff's behalf.

42. Neither Midland nor LVNV provided Plaintiff with verification of the alleged debts.

43. Midland and LVNV knew or should have known that Plaintiff was not responsible for the debts that they were reporting to the CRAs, but they nonetheless continued to report them in violation of 15 U.S.C § 1692e(8).

44. As a result of the conduct as described above, Midland and LVNV are liable to Plaintiff under the FDCPA for a declaratory judgment that their conduct violated the FDCPA, actual damages, costs and attorney fees.

## Count Three

## Continued Collection Activities in Violation of the FDCPA

## with Respect to LVNV

45. Plaintiff repeats and incorporates herein all previously pleaded averments.

46. Plaintiff mailed a certified letter to LVNV on May 13, 2008 stating that he disputed the validity of the LVNV debt and requesting validation/verification (see Exhibit 8)

47. Before responding to Plaintiff's request for validation/verification, LVNV retained the law firm of Weltman, Weinberg and Reis to collect the purported debt from Plaintiff.  Weltman, Weinberg and Reis wrote Plaintiff on May 23, 2008 in an attempt to collect the alleged debt.[12]

---

[11] Exhibit 11 attached June, 2008 to Resurgent Capital
[12] Exhibit 12 attached May 23, 2008 to Weltman, Weinberg & Reis

8

48. LVNV's retention of Weltman, Weinberg and Reis constituted an attempt to collect the debt in violation of 15 U.S.C. § 1692g(b). Further, Weltman, Weinberg and Reis acted as LVNV's agent, attempting to collect the alleged debt on LVNV's behalf.

49. LVNV is liable to Plaintiff under the FDCPA for a declaratory judgment that its conduct violated the FDCPA, actual damages, costs and attorney fees.

## Count Four

### Reinsertion of Previously Deleted Credit Information

### with Respect to Equifax

50. Plaintiff repeats and incorporates herein all previously pleaded averments.

51. Through Credit Repair Support, which was acting on Plaintiff's behalf, Plaintiff requested that Equifax reinvestigate the Midland and LVNV tradelines pursuant to the FCRA at 15 U.S.C. 1681i.

52. On a credit report dated May 8, 2008,[13] Equifax informed Plaintiff that it had deleted the Midland tradeline from his credit report.

53. On a credit report dated May 28, 2008,[14] Equifax informed Plaintiff that it had verified the LVNV tradeline.

54. On a credit report dated June 19, 2008,[15] Equifax informed Plaintiff that the LVNV tradeline had been deleted from his credit report.

55. On a credit report dated July 1, 2008,[16] Equifax reinserted the Midland tradeline onto Plaintiff's credit report.

---

[13] Exhibit 13 attached May 8, 2008 Equifax Report
[14] Exhibit 14 attached May 28, 2008 Equifax Report
[15] Exhibit 15 attached June 19, 2008 Equifax Report
[16] Exhibit 16 attached July 1, 2008 Equifax Report

56. On a credit report dated August 25, 2008,[17] Equifax reinserted the LVNV tradeline onto Plaintiff's credit report.

57. On a credit report dated September 2, 2008[18]: 1) the LVNV tradeline was again deleted from Plaintiff's credit report; and 2) Equifax informed Plaintiff that the Midland tradeline was "not currently reporting" on his credit report.

58. On a credit report dated January 1, 2009,[19] Equifax had again reinserted the Midland and LVNV tradelines onto Plaintiff's credit report.

59. Equifax failed to maintain reasonable procedures designed to prevent the reappearance of information that had been previously deleted from Plaintiff's file.  This failure violated the FCRA at 15 U.S.C. § 1681i(a)(5)(C).

60. Upon information and belief, Equifax violated the FCRA at 15 U.S.C. § 1681i(a)(5)(B) by failing to obtain certification from Midland and LVNV regarding the accuracy of the tradelines before reinserting them into Plaintiff's file and failing to provide Plaintiff with notice before each reinsertion of the LVNV and Midland tradelines.

61. As a result of this conduct, action and inaction by Equifax, Plaintiff suffered damages, including: loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

62. The conduct, action and inaction by Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent and Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C § 1681o.

---

[17] Exhibit 17 attached August 25, 2008 Equifax Report
[18] Exhibit 18 attached September 2, 2008 Equifax Report
[19] Exhibit 19 attached January 1, 2009 Equifax Report

63. Plaintiff is entitled to recover costs and attorney fees from Equifax pursuant to 15 U.S.C. §§ 1681o and 1681n.

## Count Five

### Failure to Follow Reasonable Procedures in Violation of the FCRA

### with Respect to Equifax

64. Plaintiff repeats and incorporates herein all previously pleaded averments.

65. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit report and files that it published and maintained concerning Plaintiff.

66. As a result of this conduct, action and inaction by Equifax, Plaintiff suffered damages, including: loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

67. The conduct, action and inaction by Equifax was willful, rendering them liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent and Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C § 1681o.

68. Plaintiff is entitled to recover costs and attorney fees from Equifax pursuant to 15 U.S.C. §§ 1681o and 1681n.

69. The inaccurate information furnished by Midland and LVNV was a substantial factor in the deterioration of Plaintiff's credit score.

11

### Count Six

### All other Violations of the FCRA with Respect to Equifax

70. Plaintiff repeats and incorporates herein all previously pleaded averments.

71. Upon information and belief, Equifax violated 15 U.S.C. § 1681i on multiple occasions, including but not limited to the following: 1) failing to delete inaccurate information in Plaintiff's file after receiving actual notice of such inaccuracies; 2) failing to conduct a lawful reinvestigation; 3) failing to forward all relevant information to Midland and LVNV; 4) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and 4) relying on verification from sources which it knew to be unreliable.

72. The inaccurate information furnished by Midland and LVNV was a substantial factor in the deterioration of Plaintiff's credit score.

### Count Seven

### Intentional Infliction of Emotional Distress

### with Respect to Midland and LVNV

73. Plaintiff repeats and incorporates herein all previously pleaded averments.

74. Midland and LVNV intended to cause emotional distress and/or knew or should have known that their actions and attempts to collect debts not owed by Plaintiff, would result in Plaintiff suffering serious emotional distress.

75. Midland and LVNV proximately caused psychic injuries to Plaintiff who suffered from severe humiliation, distress and anxiety. The loss of financial well-being and good credit standing was and is a source of serious emotional distress.

### Count Eight

### Defamation with Respect LVNV and Midland

76. Plaintiff repeats and incorporates herein all previously pleaded averments.

77. Midland and LVNV made false and defamatory statements about Plaintiff concerning debts that he did not owe.

78. Midland and LVNV published these false statements to the CRAs, including Equifax.

79. Plaintiff suffered injuries, as described herein, as a direct and proximate result of the false statements made by Midland and LVNV.

80. Midland and LVNV acted with actual malice in their continued attempts to collect debts that Plaintiff did not owe.

81. Midland and LVNV acted with reckless disregard for the truth or falsity of the information that they published to the CRAs.

### Count Nine

### Invasion of Privacy with Respect to Midland and LVNV

82. Plaintiff repeats and incorporates herein all previously pleaded averments.

83. Midland and LVNV invaded the privacy of Plaintiff by unreasonably intruding on his seclusion.

84. Midland and LVNV invaded the privacy of Plaintiff by unreasonably publicizing false information regarding his private life.

85. Midland and LVNV invaded the privacy of Plaintiff by unreasonably portraying him in a false light before the public by furnishing false information to the CRAs.

86. Midland and LVNV are subject to liability for the emotional and financial harm suffered by Plaintiff as a direct and proximate result of their actions.

87. The conduct by Midland and LVNV was intentional, willful and knowing.

**WHEREFORE,** Plaintiff Kevin Lamb respectfully requests that judgment be entered against all Defendants herein for the following:

a. A declaratory judgment that Defendants' conduct violated the FCRA and FDCPA;

b. Actual and compensatory damages on all counts against all Defendants;

c. Statutory damages pursuant to the FCRA and the FDCPA on all counts against all defendants;

d. Costs and reasonable attorneys' fees pursuant to the FCRA and the FDCPA on all counts against all defendants;

e. Punitive Damages on all relevant counts against all defendants; and

f. Whatever additional relief that the Court may deem just and equitable under the circumstances.

*s/ John T. Murray*
John T. Murray (Reg # 0008793)
jotm@murrayandmurray.com
Direct: (419) 624-3125
Leslie O. Murray (Reg 0081496)
lom@murrayandmurray.com
Direct: (419) 624-3010
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio  44870-2517
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiff

JURY DEMAND

Plaintiff herein requests trial by jury.

                                        ***s/ John T. Murray***
                                        John T. Murray (Reg # 0008793)